UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-20770-CR-COOKE

|  |  |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) |
| BENEDICT P. KUEHNE, OSCAR SALDARRIAGA, and GLORIA FLORES VELEZ, | ) |
| Defendants. | ) |

REQUEST FOR AN
EARLY STATUS CONFERENCE

The Department of Justice has charged Benedict P. Kuehne, a highly respected and distinguished member of the Miami legal community, with money laundering. The charges arise out of a legal opinion Mr. Kuehne rendered to other lawyers regarding the fees offered to them by a client indicted for drug dealing. Mr. Kuehne, after investigating the facts, concluded that the fees were not tainted proceeds of drug sales. The Department charges that the opinion was wrong, that the fees were in fact tainted, and that Mr. Kuehne knew it. In other words, the Department alleges that Mr. Kuehne gave the other lawyers the wrong opinion, *intentionally*.

This highly improbable charge involves important and unprecedented issues of law, policy and procedure. We suggest that the Court may wish to convene a relatively early status conference so that these issues may be addressed in an orderly fashion.

**Issues of Law and Policy**

1.  All of the money at issue in this case was used to pay post-indictment fees to a criminal defense attorney. The United States Congress – for important policy reasons – enacted a law in 1988 designed to exempt the receipt of bona fide criminal defenses fees from *criminal*

prosecution even if the attorney knows that the fees are derived from drug sales or other criminal activity. *See* 18 U.S.C. § 1957(f). To prosecute attorneys whose fees turn out to be tainted proceeds of crime would deter attorneys from taking on clients whenever there is *any* doubt about their fees. This would unacceptably interfere with the exercise of many clients' legitimate Sixth Amendment rights to counsel of choice. Consequently, Section 1957(f) effectively requires that disputes about the legality of criminal defense fees will be resolved only through civil cases. In *prior* cases, the Department has taken the position that the attorney fee exemption in 18 U.S.C. § 1957 is a nullity. That position has, to our knowledge, been rejected by every court to consider it. In *this* case, the government has sought to plead around this exemption by charging Mr. Kuehne under a different statute – 18 U.S.C. § 1956. We will contend that this effort fails because that statute does not apply to the conduct at issue in this case; and we will contend that the government is not entitled to utilize Section 1956 in this case to circumvent the exemption for *bona fide* attorneys' fees that Congress placed in 18 U.S.C. § 1957.

We expect to file, on Mr. Kuehne's behalf, a motion for a bill of particulars, preliminary to the filing of a motion to dismiss the money laundering charges, to test whether Section 1956 applies to the facts of this case. These motions will involve important questions of law and policy, and the Court may wish to set an appropriate schedule for their briefing and resolution.

### Issues of Procedure

2.   Second, much of the evidence important to the resolution of this case is located in the country of Colombia. The defendant in the underlying criminal case – Fabio Ochoa Vasquez – is Colombian. The assets that Mr. Kuehne approved for sale to raise legal fees were located in Colombia. And much of the support for Mr. Kuehne's opinion letters comes from witnesses and documents in Colombia.

Indeed, the principal question Mr. Kuehne looked into was whether Ochoa Vasquez and other members of his family had legitimate assets that could be sold to pay legal fees. As part of his inquiry, Mr. Kuehne traveled to Colombia and spoke with many witnesses who informed him that the Ochoa family had been wealthy in horses, cattle, land and restaurants long before Ochoa

Case 1:05-cr-20770-MGC   Document 13 *SEALED*   Entered on FLSD Docket 02/07/2008   Page 3 of 5

Vasquez and his brother entered the drug trade. Moreover, Colombian court records show that Ochoa Vasquez pleaded guilty to drug dealing in Colombia in 1993, was sentenced to six years imprisonment, and was ordered to forfeit his illegally gotten gains. Those same court records show that Ochoa Vasquez was *not* required to forfeit the livestock that he had reported on his tax returns filed with the Colombian government since 1980. Indeed, court records reflect that the prosecutor in that proceeding stated:

> the OCHOA VASQUEZ family, and particularly FABIO OCHOA VASQUEZ, has a significant amount of income as a result of the legal business they have conducted for some years in the selling of horses, income which was legally declared by the accused party . .
> . .

With regard to the assets of other members of Ochoa Vasquez's family, the Colombian court records state:

> [T]he fact within the voluminous file is that there is no proof whatsoever that indicates that the land property mentioned were acquired with money rising from criminal activities acknowledged by two of the OCHOA VASQUEZ, nor proof whatsoever is found as far as serious implications of co-participation of said unlawful activities committed by the other members of the family . . . .

The court continued by pointing to

> . . . the lawful activities committed by the Ochoa Familia, specially within the equine field, of which this family was a pioneer in Colombia during the 1920s, and even received acknowledgements/awards within the National territory.

While in Colombia, Mr. Kuehne also spoke to Colombian prosecutors and defense lawyers who were involved in, and who explained to him the significance of, the court proceedings giving rise to the above quoted documents.

Access to the testimony of these and other witnesses, some of whom may not come voluntarily to the United States, will be crucial to a fair trial.

3.   Third, the fact that important witnesses and documents are located in Colombia may have implications for the timing and scope of discovery as well. Depositions of witnesses

in Colombia are likely to be required. Full and timely discovery may enable the defense to identify witnesses needed to respond to the government's case early enough that the defense will be able to take depositions *prior to*, rather than *during*, the trial.

These and other issues will be important to the proper disposition of this case, and may also affect scheduling. We suggest a relatively early status conference so that they may be addressed by the Court and the parties.

                                            Respectfully submitted,

| **HOWREY LLP** | **MOSCOWITZ & MOSCOWITZ, P.A.** |
|---|---|
| 1299 Pennsylvania Ave, NW | Mellon Financial Center – Suite 2050 |
| Washington, DC 20004 | 1111 Brickell Avenue |
| Telephone: (202) 783-0800 | Miami, Florida 33131 |
| Facsimile: (202) 383-6610 | Telephone: (305) 379-8300 |
| *Attorneys for Defendant Benedict P. Kuehne* | Facsimile: (305) 379-4404 |
| | *Attorneys for Defendant Benedict P. Kuehne* |
| By: John W. Nields, Jr. | By:   s/ *Jane W. Moscowitz* |
|     Jason C. Raofield | JANE W. MOSCOWITZ, ESQ. |
|     Evan J. Werbel | Florida Bar No. 586498 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 7th, 2008, the foregoing document was served via transmission of notices of electronic filing generated by CM/ECF and by hand delivery on:

John Sellers, Esq.
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

Tom Pinder, Esq.
Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

s/Jane W. Moscowitz
Jane W. Moscowitz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 05-20770-Cr-Cooke

UNITED STATES OF AMERICA

    Plaintiff,

vs.

BENEDICT P. KUEHNE,

    Defendant.
_____/

**NOTICE OF APPEARANCE IN THE DISTRICT COURT
ON BEHALF OF DEFENDANT BENEDICT P. KUEHNE**

The firm of Moscowitz & Moscowitz, P.A., respectfully enters its permanent appearance in this case in the District Court on behalf of the Defendant, Benedict P. Kuehne. This appearance is for the purpose of trial only.

    Respectfully submitted,

    MOSCOWITZ, & MOSCOWITZ, P.A.
    Mellon Financial Center
    1111 Brickell Avenue
    Suite 2050
    Miami, Florida 33131
    Telephone: 305-379-8300
    Facsimile: 305-379-4404
    Email: jmoscowitz@mmmpa.com

    By: s/Jane W. Moscowitz
        Jane W. Moscowitz
        Florida Bar No. 586498

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is being served via transmission of notices of electronic filing generated by CM/ECF on this 7, day of February, 2008.

And to the attached service list on this 7, day of February, 2008.

John Sellers, Esq.
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

Tom Pinder, Esq.
Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

s/Jane W. Moscowitz
Jane W. Moscowitz