UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No 05-20770-Cr-Cooke(s)(s)(s)

UNITED STATES OF AMERICA,  )
                           )
    Plaintiff,          )
                           )
v.                         )
                           )
BENEDICT KUEHNE and        )
OSCAR SALDARRIAGA,         )
                           )
    Defendants.         )
_____)

### DEFENDANTS' JOINT OPPOSITION TO GOVERNMENT'S "SUPPLEMENTAL" PLEADING ON LEGAL IMPOSSIBILITY

The government's supplemental pleading (DE 254) seeks, in quintessential strawman fashion, to debunk a theory that the defendants have never raised, that mail fraud would be "impossible" on this set of facts.[1]

The defendants' motion to dismiss was based on the argument that the object of both the conspiracy and scheme to defraud – the intangible "right" of the Colombian government to "forfeit" assets – did not constitute "property" under *Cleveland v. United States*, 531 U.S. 12 (2000), *McNally v. United States*, 483 U.S. 350 (1987), and numerous other precedents. That is, the defendants have argued that the object of the alleged conspiracy did not constitute illegal conduct under the mail fraud statute and, therefore, did not state an offense. We have never argued that the crime existed but that it was "impossible" for the defendants to commit it.

The government's supplemental argument misapprehends basic principles of conspiracy law, as recognized by the Supreme Court and the Eleventh Circuit. In *McNally v. United States*, *supra*, the defendant was convicted of both a substantive mail fraud count and a conspiracy to commit mail fraud count. After holding that the "property" at issue was too intangible to constitute a form of

---

[1] The government here seeks permission to depart, once again, from the Local Rules of the Court by filing yet another "supplement" to its positions. The defendants object to this pattern of filing a supplement whenever a new thought strikes.

property recognized by the mail fraud statute, the Supreme Court also reversed the conspiracy count, noting that the Solicitor General had, in fact, *conceded in its brief*, that once the mail fraud charge was dismissed for failure to state an offense, the conspiracy charge also had to be dismissed. *See McNally*, 483 U.S. at 361. On remand, the Sixth Circuit made the same observation:

> The conspiracy count was predicated upon the underlying violation of §1341, the mail fraud statute. The government has conceded in its brief before the Supreme Court that if the substantive convictions under the mail fraud statute were reversed, the conviction under the conspiracy statute should also be reversed.

*United States v. Gray*, 841 F.2d 1127, 1127 n .1 (6th Cir. 1988).

In *United States v. Elkins*, 885 F.2d 775 (11th Cir. 1989), the Eleventh Circuit similarly barred the government from proceeding on a conspiracy charge under 18 U.S.C. § 371 once it found that the substantive object of the conspiracy failed to state an offense under *McNally*: "Because the object of the scheme to defraud the government alleged in the indictment is not sufficient to violate section 1343, that scheme does not constitute conspiracy to commit the substantive offense against the United States in violation of the first portion of section 371." *Elkins*, 885 F.2d at 781 (citing Solicitor General's concession in *McNally*).[2] *Accord United States v. Olano*, 62 F.3d 1180, 1198 (9th Cir. 1995) ("In addition, because count I's conspiracy charge was predicated partly on Olano's and Gray's alleged wrongdoing under count II, this count, too, is tainted."), *cert. denied*, 519 U.S. 1058 (1997), citing *United States v. Hilling*, 891 F.2d 205 (9th Cir.1988).

The doctrine of "impossibility" seized upon by the government applies in situations where the acts the defendant *intends* and *agrees* to commit *are* criminal (such as cocaine trafficking) but where the facts as the defendant understood them were wrong (e.g., where the government used sugar instead of cocaine in a sting operation). In the instant case, even if the defendants intended and agreed to defraud the Colombian government of the "intangible right" alleged in the indictment –

---

[2] The Eleventh Circuit allowed the Section 371 charge to stand solely because the government alleged multiple objects of the conspiracy. Since the remaining portions of the count were not affected by the *McNally* defect, the government could proceed on these alternative theories. The wire fraud conspiracy charge in this case is a single object conspiracy that is completely tainted by the defect in the substantive wire fraud allegation.

which, make no mistake, they did not – that would not state an offense because that "right" is not "property" under *McNally* and its progeny. One cannot be guilty of conspiring to do something which if done would not be a crime. As the government points out, citing *United States v. Recio*, 537 U.S. 270, 274, "the essence of a conspiracy is an agreement to commit an 'unlawful act.'" Supp. Memo at 4.

The first section of the supplemental memorandum which discusses "factual impossibility" deals with a bunch of sting cases, where defendants try to commit unlawful acts but are thwarted because the government is pulling the strings. Then the government turns to "legal impossiblity." Relying on *United States v. Hsu*, 155 F.3d 189 (3rd Cir.1998), the government argues that legal impossibility is no longer a defense. The government defines legal impossibility as "when a defendant's actions . . . even if completed, would not constitute a crime. . . ." Supp. Memo at 6. But the very case that the government relies on shows the fallacy of the government's argument as applied to our case. In *Hsu*, the defendants were charged with a conspiracy to steal corporate trade secrets. The defendants sought discovery of the supposed trade secret documents to support their defense of impossibility, specifically that the documents really did not contain trade secrets. The court there noted:

> This type of legal impossibility is actually what some commentators have termed "hybrid" legal impossibility, **because the actor's goal is illegal**, but commission of the offense is somehow rendered impossible by attendant circumstances. See, e.g., Joshua Dressler, Understanding Criminal Law, § 27.07[D], at 372 (2d ed. 1995). **Another type of legal impossibility -- "pure" legal impossibility -- occurs when the law does not even "proscribe the goal that the defendant sought to achieve."** Ira P. Robbins, Attempting the Impossible: The Emerging Consensus, 23 Harv. J. on Legis. 377, 389 (1986). **Pure legal impossibility is always a defense. For example, a hunter cannot be convicted of attempting to shoot a deer if the law does not prohibit shooting deer in the first place. Therefore, we make clear that our discussion refers only to "hybrid" legal impossibility as we have defined it.**

*United States v. Hsu*, 155 F.3d 189, 199 n 16 (3d Cir. 1998)(emphasis supplied).[3]

In every case cited by the government in the supplemental memo, the crime alleged in the indictment has an illegal objective which, for reasons beyond the control and desires of the

---

[3] The government cited to this footnote but omitted the critical language. Supp. Memo at 6.

defendants, cannot be achieved. Taking a trade secret, defrauding the government of taxes, seeking to defraud a federally insured bank, inducing a minor into sexual activity are all illegal objects, even if the actual trade secret is not secret, the taxes are not owing, the bank is not federally insured, and the minor is an undercover cop. But depriving someone of the right to seek to bring a forfeiture action is simply not an unlawful act under the mail fraud statute.

In this case, as shown at the evidentiary hearing and found by the Magistrate Judge, the indictment does not state a crime because the object of the conspiracy is not illegal. This has nothing to do with defenses of factual or legal impossibility, defenses which the defense here never sought to raise. The indictment just as in *McNally* simply does not allege a crime, either a substantive mail fraud or a conspiracy.

Since the allegations in Count 7, even if proven, would not state an offense, the defendants are entitled to dismissal of that count. *United States v. Adkinson*, 135 F.3d 1363, 1372 & n. 23 (11th Cir. 1998), citing *United States v. Cure,* 804 F.2d 625, 627 (11th Cir.1986) (a district court is required to dismiss an indictment if it does not state a prosecutable offense) (emphasis added) (citing *United Stares v. Coia,* 719 F.2d 1120, 1123 (11th Cir.1983) ("It is perfectly proper, and in fact *mandated,* that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense.") (emphasis supplied by the Eleventh Circuit in *Adkinson*).

Respectfully submitted,

G. RICHARD STRAFER, P.A.  
201 South Biscayne Blvd., - Suite 1380  
Miami, Florida 33131  
Telephone: (305) 374-9091  

MOSCOWITZ & MOSCOWITZ  
Mellon Financial Center - Suite 2050  
1111 Brickell Avenue  
Miami, Florida 33131  
Telephone: (305) 379-8300  
Facsimile: (305) 379-4404  

By: s/G. Richard Strafer  
    G. Richard Strafer  
    Florida Bar No. 389935  
    Straferpa@aol.com  

By: s/Jane W. Moscowitz  
    JANE W. MOSCOWITZ, ESQ.  
    Florida Bar No. 586498  
    jmoscowitz@mmmpa.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served via transmission of notices of electronic filing generated by CM/ECF on this 8th day of June, 2009, on:

Robert Feitel, Esq.
Narcotics & Dangerous Drugs Section
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

Tom Pinder, Esq.
Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005

John W. Nields, Jr.
Jason C. Raofield
Evan J. Werbel
HOWREY LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004

Joaquin Mendez
100 S.E. 2d Street, Suite 2700
Miami, FL 33131

s/Jane W. Moscowitz
JANE W. MOSCOWITZ